STATE, RESPONDENT, *v.* DUMPHY ET AL., APPELLANTS.

(No. 4,083.)

Submitted January 16, 1920.   Decided February 9, 1920.)

[187 Pac. 897.]

*Criminal Law—Gaming—Evidence—Conflict—Sufficiency.*

Gaming—Conflicting Evidence—Verdict Conclusive.
  1.  In a prosecution for permitting a gambling game to be played in defendants' cigar-store, a verdict of guilty, based upon conflicting evidence sufficient to go to the jury, will not be disturbed on appeal.
Same—Size of Stakes Immaterial.
  2.  Section 8416, Revised Codes, prohibiting gambling, makes no distinction as to the amount of the stakes involved; hence it is immaterial that the stakes were merely treats or cigars.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

PETE DUMPHY and Pete Anderson were convicted of permitting a gambling game, and from the judgment of conviction and from an order denying them new trial, they appeal.   Affirmed.

Cause submitted on briefs of Counsel.

*Thomas A. Marlowe,* for Appellants.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for Respondent.

Playing for drinks or cigars, etc., is gambling.   (20 Cyc. 889; 12 R. C. L. 715.)  Playing at cards with an agreement

that the losing party shall pay for the drinks, constitutes gambling. (*State* v. *Leicht,* 17 Iowa, 28; *McDaniel* v. *Commonwealth,* 69 Ky. (6 Bush) 326; *State* v. *Wade,* 43 Ark. 77, 51 Am. Rep. 560; *Brown* v. *State,* 49 N. J. L. 61, 7 Atl. 340; *Hitchins* v. *People,* 39 N. Y. 454; *Vanwey* v. *State,* 41 Tex. 639; *Hamilton* v. *State,* 75 Ind. 586; *State* v. *Book,* 41 Iowa, 550, 20 Am. Rep. 609; *State* v. *Bishel,* 39 Iowa, 42; *Stahel* v. *Commonwealth,* 70 Ky. (7 Bush) 387; *Commonwealth* v. *Taylor,* 80 Mass. (14 Gray) 26; *State* v. *Leighton,* 23 N. H. 167; *State* v. *Mathis,* 206 Mo. 604, 121 Am. St. Rep. 687, and notes, 105 S. W. 604; *Hopkins* v. *State,* 122 Ga. 583, 2 Ann. Cas. 617, and notes, 69 L. R. A. 117, 50 S. E. 351.)

MR. JUSTICE HURLY delivered the opinion of the court.

Defendants appeal from a judgment of conviction, after a trial upon a charge of permitting a gambling game to be played in their cigar-store in Missoula, and from an order denying a motion for a new trial.

Error is assigned concerning the reception of certain testimony offered by the state, but we find no prejudice to the rights of the defendants in the rulings thereon, and this particularly in view of the testimony offered in behalf of defendants, practically to the same effect as that offered by the state.

The testimony of the state shows the operation of the cigar-store by the defendants, and the playing of the game of cards for stakes. A witness for the state testified to the presence of the defendants during the progress of the game, and the selling by defendant Anderson of chips or checks for use by the players.

The defendants produced testimony that defendant Anderson was not present in the cigar-store during the progress of the game, and that he sold no chips or checks. One witness for the defense testified that he was a player in the game, and that when one lost he paid for the treats or cigars for the other players. Defendant Dumphy testified that he was attending to all games going on in the store, that he knew of the playing, and that the

participants played for the treats or cigars.   Defendant Anderson did not testify.

The testimony concerning Anderson's presence and other [1] important evidence given for the state was contradicted by the defense, but it was for the jury to decide the conflict.   This they did, by finding the defendants guilty.   There being evidence sufficient to go to the jury, we will not disturb its finding.

It is true that the stakes played for were small, but the statute [2] (sec. 8416, Rev. Codes) under which the action was prosecuted makes no distinction as to the amount involved.

The specifications of error regarding the reception of evidence do not comply with the rules of the court—Rule X, 3b (53 Mont. xxxv, 167 Pac. x)—though we have examined the rulings complained of in this instance.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.

